# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ERIN WILSON, *individually and on behalf of others similarly situated*, : : : Plaintiff, : : : CIVIL ACTION NO. v. : **2:25-cv-00201-SCJ** : McNamara Chiropractic LLC, : : Defendant. | |

## DEFENDANT MCNAMARA CHIROPRACTIC LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO CLASS ACTION COMPLAINT OF ERIN WILSON

Come now Defendant, McNamara Chiropractic LLC ("Defendant"), by and through undersigned counsel, hereby files its Answer and Affirmative Defenses to Plaintiff, Erin Wilson's ("Plaintiff"), Class Action Complaint [Doc. No. 1] (the "Complaint") and states:

### NATURE OF THIS ACTION

1. Defendant admits only that Plaintiff has brought this action as a class action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") for alleged violation of the same, but denies that Plaintiff is entitled to any recovery under the TCPA, denies that Plaintiff is entitled to represent a class, and otherwise denies the allegations contained in paragraph 1 of the Complaint.

2. Defendant denies the allegations contained in paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3. Defendant admits the allegations contained in paragraph 3 of the Complaint for jurisdictional purposes only. Otherwise, denied.

4. Defendant admits the allegations contained in paragraph 4 of the Complaint for venue purposes only. Otherwise, denied.

5. Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 5 of the Complaint and therefore denies the allegations.

## PARTIES

6. Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 6 of the Complaint and therefore denies the allegations.

7. Defendant admits the allegations contained in paragraph 7 of the Complaint.

## FACTUAL ALLEGATIONS

8. Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 8 of the Complaint and therefore denies the allegations.

9. Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 9 of the Complaint and therefore denies the allegations.

10. Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 10 of the Complaint and therefore denies the allegations.

11. Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 11 of the Complaint and therefore denies the allegations.

12. Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 12 of the Complaint and therefore denies the allegations.

13. Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 13 of the Complaint and therefore denies the allegations.

14. Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 14 of the Complaint and therefore denies the allegations.

15. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 15 of the Complaint and therefore denies the allegations.

16. Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 16 of the Complaint and therefore denies the allegations.

17. Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 17 of the Complaint and therefore denies the allegations.

18. Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 18 of the Complaint and therefore denies the allegations.

19. Defendant denies the allegations contained in paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in paragraph 24 of the Complaint.

25. Defendant admits only that it offers chiropractic neurology treatments and other therapeutic treatment services. Defendant denies that the text messages at issue served as a pretext to market those services and further denies the remaining allegations contained in paragraph 25 of the Complaint.

26. Defendant admits only that it offers chiropractic neurology treatments and other therapeutic treatment services. Defendant denies that the text messages at issue served as a pretext to market those services and further denies the remaining allegations contained in paragraph 26 of the Complaint.

27. Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 27 of the Complaint and therefore denies the allegations.

28. Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 28 of the Complaint and therefore denies the allegations.

29. Defendant denies the allegations contained in paragraph 29 of the Complaint.

## CLASS ACTION ALLEGATIONS

30. Defendant admits that Plaintiff purports to bring this action as a class action. Defendant denies the remaining allegations in paragraph 30 including allegations regarding the proposed class definitions. Defendant specifically denies that this action is appropriate for class treatment under Federal Rule of Civil Procedure 23.

31. Defendant denies the allegations in paragraph 31 of the Complaint regarding the proposed class definition and specifically denies that this action is appropriate for class treatment under Federal Rule of Civil Procedure 23. Defendant avers that the remaining allegations in Paragraph 31 are legal conclusions for which no response is required.

32. Defendant denies the allegations contained in paragraph 32 of the Complaint and specifically denies that this action may be maintained as a class action.

33. Defendant denies the allegations contained in paragraph 33 of the Complaint and specifically denies that this action may be maintained as a class action.

34. Defendant denies the allegations contained in paragraph 34 of the Complaint and specifically denies that this action may be maintained as a class action.

35. Defendant denies the allegations contained in paragraph 35 of the Complaint and specifically denies that this action may be maintained as a class action.

36. Defendant denies the allegations contained in paragraph 36 of the Complaint and specifically denies that this action may be maintained as a class action.

37. Defendant denies the allegations contained in paragraph 37 of the Complaint and specifically denies that this action may be maintained as a class action. Defendant further denies that it delivered or caused to be delivered solicitation text messages to Plaintiff's telephone number in violation of the TCPA.

38. Defendant denies the allegations contained in paragraph 38 of the Complaint and specifically denies that this action may be maintained as a class action.

39. Defendant denies the allegations contained in paragraph 39 of the Complaint and specifically denies that this action may be maintained as a class action.

40. Defendant denies the allegations contained in paragraph 40 of the Complaint and specifically denies that this action may be maintained as a class action.

41. Defendant denies the allegations contained in paragraph 41 of the Complaint and specifically denies that this action may be maintained as a class action.

42. Defendant denies the allegations contained in paragraph 42 of the Complaint and specifically denies that this action may be maintained as a class action.

43. Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 43 of the Complaint and therefore denies the allegations. Defendant further denies that this action may be maintained as a class action.

44. Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 44 of the Complaint and therefore denies the allegations. Defendant further denies that this action may be maintained as a class action.

45. Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 45 of the Complaint and therefore denies the allegations. Defendant further denies that this action may be maintained as a class action.

46. Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 46 of the Complaint and therefore denies

the allegations. Defendant further denies that this action may be maintained as a class action.

47. Defendant denies the allegations contained in paragraph 47 of the Complaint and specifically denies that this action may be maintained as a class action.

48. Defendant denies the allegations contained in paragraph 48 of the Complaint, including subparagraphs (a) – (d), and specifically denies that this action may be maintained as a class action. Defendant further denies that it engaged in any conduct that would violate the TCPA or would otherwise entitle Plaintiff to any damages under the TCPA.

49. Defendant denies the allegations contained in paragraph 49 of the Complaint and specifically denies that this action may be maintained as a class action.

50. Defendant denies the allegations contained in paragraph 50 of the Complaint and specifically denies that this action may be maintained as a class action.

51. Defendant denies the allegations contained in paragraph 51 of the Complaint and specifically denies that this action may be maintained as a class action.

52. Defendant denies the allegations contained in paragraph 52 of the Complaint and specifically denies that this action may be maintained as a class action.

53. Defendant denies the allegations contained in paragraph 53 of the Complaint and specifically denies that this action may be maintained as a class action.

54. Defendant denies the allegations contained in paragraph 54 of the Complaint and specifically denies that this action may be maintained as a class action.

55. Defendant denies the allegations contained in paragraph 55 of the Complaint and specifically denies that this action may be maintained as a class action.

56. Defendant denies the allegations contained in paragraph 56 of the Complaint and specifically denies that this action may be maintained as a class action.

57. Defendant denies the allegations contained in paragraph 57 of the Complaint and specifically denies that this action may be maintained as a class action.

## COUNT I
## VIOLATION OF 47 U.S.C. § 227(c)(5)

58. Defendant realleges and incorporates by reference each and every response set forth in paragraphs 1 – 57 of this Answer.

59. The allegations contained in paragraph 59 of the Complaint contain legal conclusions to which no response is required.

60. The allegations contained in paragraph 60 of the Complaint contain legal conclusions to which no response is required.

61. The allegations contained in paragraph 61 of the Complaint contain legal conclusions to which no response is required.

62. The allegations contained in paragraph 62 of the Complaint contain legal conclusions to which no response is required.

63. The allegations contained in paragraph 63 of the Complaint contain legal conclusions to which no response is required.

64. Defendant denies the allegations contained in paragraph 64 of the Complaint.

65. Defendant denies the allegations contained in paragraph 65 of the Complaint.

66. Defendant denies the allegations contained in paragraph 66 of the Complaint.

## PRAYER FOR RELIEF

The remainder of the Complaint is a prayer for relief requiring neither an admission nor denial by Defendant. To the extent, however, the prayer gives rise to any inference such relief is proper or that Plaintiff or any other individuals are entitled to any remedy or relief from Defendant, such inference is denied.

**WHEREFORE**, Defendant denies that Plaintiff or any other individuals are entitled to any relief whatsoever under the allegations set forth in the Complaint. Defendant requests that the Court dismiss the claim with prejudice in their entirety and that Defendant be awarded costs, non-taxable expenses, taxable costs, interests on those amounts as provided by law and such further relief that this Court may deem appropriate.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant asserts the following affirmative and other defenses to Plaintiff's claim. In asserting these defenses, Defendant does not assume the burden of proof with respect to any issue as to which applicable law places the burden of proof upon Plaintiff. The factual basis for the following defenses is set forth in more detail in the foregoing responses to the allegations in Plaintiff's Complaint, which are incorporated herein by reference.

## FIRST DEFENSE
### (Failure to State a Claim)

Plaintiff's Complaint and each claim therein fails to state facts sufficient to constitute any claim against Defendant upon which relief can be granted.

## SECOND DEFENSE
### (Standing)

The Complaint and each claim therein are barred to the extent that Plaintiff lacks statutory or Article III standing for failing to suffer any cognizable injury or harm.

## THIRD DEFENSE
### (Prior Express Consent)

The Complaint and each claim therein are barred to the extent that Plaintiff provided consent, including prior express consent and prior express written consent, to receive the alleged text messages.

## FOURTH DEFENSE
### (Established Business Practices and Procedures)

Plaintiff's TCPA claim is barred because Defendant has established and implemented, with due care, written procedures, practices, and training to prevent telephone solicitations in violation of the TCPA and that comply with 47 U.S.C. § 227(c), 47 C.F.R. §§ 64.1200(c)(2)(i) and 64.1200(d).

## FIFTH DEFENSE
## (No Residential Lines)

The Complaint and each claim therein are barred to the extent that the telephone number at issue does not qualify as a "residential telephone line" under the TCPA.

## SIXTH DEFENSE
## (TCPA Does Not Apply to Text Messages)

The Complaint and each claim therein are barred to the extent that the regulations at issue do not apply to text messages. Additionally, the claims are also barred to the extent that any portion of 47 CFR 64.1200(d) is found to have been promulgated pursuant to 47 U.S.C. § 227(d).

## SEVENTH DEFENSE
## (Established Business Relationship)

The Complaint and each claim therein are barred to the extent that any alleged texts are found to have been made pursuant to an Established Business Relationship.

## EIGHTH DEFENSE
## (Excessive Penalties)

The TCPA violates the Due Process Clause under the Fifth and Fourteenth Amendments to the United States Constitution, which prohibit the imposition of grossly excessive or arbitrary punishment on a defendant, and if a class were to be certified and liability were found, the statutory damages provided for in the TCPA

would be grossly disproportionate to any nominal "harm" suffered by the putative class members.

## NINTH DEFENSE
### (Opt-Out Procedures)

Defendant maintains opt-out procedures whereby individuals who request to stop receiving communications are immediately placed on a "do not contact" list, demonstrating compliance with TCPA requirements and good faith efforts to honor consumer preferences.

## TENTH DEFENSE
### (Waiver, Estoppel, Laches, Unclean Hands, Ratification, Personal Jurisdiction, Statute of Limitations)

Plaintiff's Complaint and each claim therein are barred in whole or in part by the doctrines of waiver, estoppel, laches, unclean hands, ratification, or by the statutes of limitations applicable to Plaintiff and the proposed class. Further, Plaintiff's Complaint is barred to the extent the Court lacks personal jurisdiction over any claims.

## ELEVENTH DEFENSE
### (No Willful Conduct)

Even if any violation of the TCPA occurred, which Defendant denies, such violation was not willful or knowing, and therefore Plaintiff is not entitled to enhanced damages under 47 U.S.C. § 227(c)(5)(C).

## TWELFTH DEFENSE
### (Acts of Third Parties)

The Complaint and each claim therein are barred to the extent any alleged claims were the result of third parties.

## THIRTEENTH DEFENSE
### (No Telemarketing Solicitation)

The Complaint and each claim therein are barred to the extent that any alleged texts are not found to be "telephone solicitations" under the TCPA

## RESERVATION OF RIGHTS

Defendant reserves the right to amend its Answer and Affirmative Defenses and/or to assert additional affirmative defenses as they become known to Defendant through the course of discovery and further investigation. Defendant has not knowingly or intentionally waived any applicable affirmative defenses.

**WHEREFORE**, having fully answered Plaintiff's Complaint, Defendant, McNamara Chiropractic LLC, respectfully requests that:

(1) judgment be entered in favor of Defendant and this action be dismissed with prejudice;

(2) judgment be entered in favor of Defendant for all costs and reasonable attorneys' fees incurred by it in the defense of this action, and

(3) Defendant recover such other and further relief as the Court deems just and equitable.

Respectfully submitted this 15th day of September, 2025.

**JACKSON LEWIS P.C.**

*/s/ Eric R. Magnus*
Eric R. Magnus
Georgia Bar No. 801405
171 17th Street, NW, Suite 1200
Atlanta, Georgia 30363
Telephone: (404) 525-8200
Facsimile: (404) 525-1173

**CERTIFICATION**

In accordance with LR 5.1(C), N.D. Ga., I hereby certify that this document has been prepared in 14 point, Times New Roman font.

*/s/ Eric R. Magnus*
Eric R. Magnus
Georgia Bar No. 801405

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ERIN WILSON, *individually and on behalf of others similarly situated*, | : <br> : <br> : |
| Plaintiff, | : <br> : |
| v. | :     CIVIL ACTION NO. <br> :     **2:25-cv-00201-SCJ** |
| McNamara Chiropractic LLC, | : <br> : <br> : |
| Defendant. | |

## **CERTIFICATE OF SERVICE**

I certify that on September 15, 2025, I electronically filed the foregoing **ANSWER AND AFFIRMATIVE DEFENSES TO CLASS ACTION COMPLAINT OF ERIN WILSON** with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln St., Suite 2400
Hingham, MA 02043
(615) 485-0018
anthony@paronichlaw.com

Valerie Lorraine Chinn
Chinn Law Firm, LLC
245 N. Highland Ave., Suite 230 #7

Atlanta, GA 30307
(404) 955-7732
vchinn@chinnlawfirm.com
*Attorneys for Plaintiff*

/s/ Eric R. Magnus
Eric R. Magnus
Georgia Bar No. 801405